## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

    v.

Julius Myles Callahan

April 13, 1987

By JUDGE CHARLES R. WATERS, II

This case is before the court on a motion to suppress evidence found through an allegedly illegal search of a Ford pickup truck at approximately 12:35 A.M. in the Ocean View section of this city. The search revealed an eyeglasses case on the front left dashboard of the truck, inside of which was located a protruding packet containing other bags, not in plain view, which contained cocaine.

At the hearing, the court found as a fact that the defendant did not consent to the search and requested briefs from counsel on the issue of the legality of the search.

For reasons contained herein, I believe that the search was proper.

The pertinent facts of the case at bar are as follows: Officer Ford and Officer Dobbs were parked along side of the road in plain clothes and in an unmarked vehicle in the Ocean View section. Officer Ford observed the truck driven by the defendant stop, and saw a female impersonator step out of the truck and walk directly to the driver's side of the unmarked vehicle where Ford was sitting. The impersonator pointed out the truck and informed Ford that the driver had just offered him cocaine and that the cocaine was still in the truck. Ford immediately proceeded to follow the truck which had just pulled away. Ford placed his blue lights in operation and the defendant pulled to the side of the road, stopped, got out of the truck, and after some conversation, the cabin of the truck

was searched and the cocaine was revealed. At no time did Ford lose sight of the truck, and after the informant stepped out, no one was in the truck except the defendant. This entire scenario took five or ten minutes.

Although these was some testimony that the informant knew Ford, neither Ford nor Dobbs knew him. No previous tips had been received from this informant. The officer had never seen the defendant prior to this incident. It was admitted that the only purpose of the search was to find the cocaine which the informant had stated was in the truck. There were no furtive movements or suspicious acts committed by the defendant. The officers did not suspect that weapons were in the truck or on the person of the defendant, were not searching for weapons, and at no time were in fear of bodily harm. The defendant was cooperative and there was no pat-down of him prior to the vehicle search.

In an excellent brief, defense counsel relies heavily on *Illinois v. Gates*, 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983), for the proposition that there was in the present case insufficient corroboration to verify the unreliable tip of the informant to give rise to the probable cause necessary to validate the search of the truck.

Prior to *Gates*, there was a two-pronged test to determine probable cause for a search, and it was widely accepted that both prongs had to be met in order for the search to pass constitutional muster. The test required evidence that would reveal (1) the basis of the knowledge of the informant, i.e., the means by which the informant obtained the information given; and (2) facts sufficient to establish either the veracity of the informant, or, alternatively, the reliability of the informant's statement. *Spinelli v. United States*, 393 U.S. 410 (1969); *Aguilar v. Texas*, 378 U.S. 108 (1964).

In 1983 the *Gates* court abandoned that test in order to resurrect and reaffirm the totality-of-the-circumstances analysis used in earlier cases such as *Jones v. United States*, 362 U.S. 257 (1960), *United States v. Ventresca*, 380 U.S. 102 (1965), and *Brinegar v. United States*, 338 U.S. 160 (1949).

Under the totality-of-the-circumstances analysis, the value of corroboration of the details of the informant's

statement by independent police work has been consistently recognized. *Gates, supra,* at 213; *Draper v. United States,* 358 U.S. 307 (1959).

Likewise, the basis of the informant's knowledge, and the veracity and/or reliability of his report are still important factors relevant to the determination of probable cause but are not always required, and are not separate and independent requirements, but instead are to be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question of whether there is "probable cause" to believe that contraband or evidence is located in a particular place. *Gates, supra,* at 213.

The existence of exigent circumstances is also, I think, a factor to be considered in the analysis. *Carroll v. United States,* 267 U.S. 132 (1925).

*Gates* did involve a search pursuant to warrant and it should be noted that since the decision, the law has changed with regard to that type of search. The exclusionary rule has been modified to the extent that the fruits of a search pursuant to a defective warrant may not be excluded if the officer conducted the search under a reasonable, good faith belief that the search and seizure was consistent with the Fourth Amendment. *United States v. Leon,* 468 U.S. 897 (1984); *Massachusetts v. Sheppard,* 468 U.S. 981 (1984); *McCary v. Commonwealth,* 228 Va. 219 (1984). This principal, however, does not apply to a warrantless search (at least not yet), and defense counsel is correct in asserting that *Gates* is extremely valuable in determining the present status of the probable cause requirement as it applies to warrantless searches.

Neither counsel cited *McCary v. Commonwealth, supra,* to the court and both are gently chided for this omission. It is a recent and important case dealing with both a warrantless search and a search pursuant to warrant.

In that case, two witnesses described the defendant who had robbed employees of a Savings and Loan, and they each stated that they had seen the defendant in or near a car in the outside parking lot prior to the robbery. One said she heard a car pull away immediately after the robbery. The two witnesses gave two license numbers (differing in only one digit) for the car. A DMV check revealed that one of the numbers was for a car licensed by the defen-

dant. A police officer by radio received a description of the defendant and the car, and later found a car matching the description parked on the side of a road, locked, empty and out of gas. The car was unlocked by means of a coat hanger. A second officer later searched the car without a warrant and found two incriminating notes, later introduced into evidence at trial. Obviously, no exigent circumstances existed at the time of the search. The court ruled that these facts supported a finding of probable cause for the warrantless search.

In the case at bar, Ford knew that the informant was telling the truth when he stated that he had been in the truck with the defendant because he saw the informant exit the truck. The informant was in a position to have first hand knowledge. The information could not have been based on rumor, suspicion, or mere conclusion. Ford knew that no one else had entered or exited the truck because he never lost sight of it until the arrest was made. The court cannot close its eyes to the fact that Ocean View is a high crime area, and Ford was obviously aware of this. The incident took place at 12:35 A.M. and the stop and search was accomplished within minutes of the alleged incident. Exigent circumstances existed as the defendant was driving away from the area. There was an immediate need to continue the investigation before the defendant and the evidence disappeared.

Defense counsel ably argues that there was insufficient corroboration by independent police work to justify a finding of probable cause for the search, but what was there to corroborate except the existence of the cocaine? As stated above, the officer knew from his own observation that the other aspects of the information given were true. If there was sufficient basis for the warrantless search in *McCary*, where no exigent circumstances existed, surely there was sufficient basis here. Although there was a greater degree of corroboration by independent police work in *Gates* than here, I believe that *Gates* and *McCary* support my decision that under the totality-of-the-circumstances of this case there existed exigent circumstances and probable cause sufficient to justify the warrantless search.

An order will be entered denying the motion to suppress.